**SO ORDERED.**

**SIGNED this 07 day of October, 2011.**

_____
Randy D. Doub
United States Bankruptcy Judge
_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

PAUL ROBERT CANOVALI, JR.,                    CHAPTER 11
BRANDI M. CANOVALI,                           CASE NO. 09-05342-8-RDD

      DEBTORS

### ORDER GRANTING MOTION TO
### ENFORCE ORDER CONFIRMING PLAN

Pending before the Court is the Motion to Enforce Order Confirming Plan filed by Houseman Custom Homes, Inc., ("Houseman") on May 21, 2011 (the "Motion") and the Objection to Motion to Comply with Confirmation Order filed by Paul Robert Canovali, Jr. and Brandi M. Canovali (the "Debtors") on June 9, 2011 (the "Objection"). The Court conducted a hearing on September 21, 2011 in Raleigh, North Carolina to consider the Motion and the Objection.

On January 7, 2010, the Court conducted a confirmation hearing. Pursuant to the terms of the Order Confirming the Plan, docketed on January 12, 2010 (the "Confirmation Order"), general unsecured creditors were to receive:

> 5% of the total claims in quarterly payments for the first 24 months following the Effective Date and then receive 15% of the total allowed for the next 36 months. Furthermore, if the Debtor realizes a profit from the sale of the property at 4909 Wynneford Way,

Raleigh, NC during the repayment term of the loan, such profit will be used to accelerate the repayment to creditors in this class.

Furthermore, the Confirmation Order provided that the Debtors:

[S]hall receive their discharge at the completion of the 24 month repayment under Class 8 or at any time when this class is paid in full without further order of this court.

On May 11, 2011, the Court conducted a hearing where it considered the Motion to Approve Final Distribution and Discharge filed by the Debtors and the Response to the Motion to Approve Final Distribution and Discharge filed by Houseman.  The Debtors made their post-confirmation quarterly payments to unsecured creditors in the amount of $9,168.96, pursuant to the Motion to Approve Final Distribution and Discharge.  On March 16, 2011, the Debtors sold their residence at 4909 Wynneford Way in Raleigh, North Carolina for $1,237,500.00.  After payment of the costs of sale and amounts due on the first deed of trust, the Debtors were left with sufficient funds to satisfy the Class 8 unsecured claims as provided for by the Confirmation Order.

Exhibit A to the Motion to Approve Final Distribution and Discharge set forth the Debtors' proposed distribution to each Class 8 claimant.  The Debtors proposed to pay each Class 8 claimant a total 15% of their allowed claim. The proposed final distribution was calculated based upon 15% of the allowed claim less any payment the unsecured creditor may have received as part of the quarterly distribution payments made by the Debtor.

In its Response to the Motion to Approve Final Distribution and Discharge, Houseman contended that the Confirmation Order provided that the Debtors were to make a 5% distribution over the first twenty-four (24) months of the confirmed plan (the "Plan"), to be made through quarterly payments, following the Effective Date of the Plan.  Houseman argued that the plain language of the Confirmation Order also required a 15% distribution to unsecured creditors, either

2

to be distributed through year three following the effective date of the Plan or upon the sale of the residence.  Based on the Confirmation Order, Houseman alleged there should have been a 20% distribution paid to Class 8 unsecured claimants.

The Court denied the Motion for Final Distribution and Discharge and ruled that the treatment for the Class 8 unsecured creditors in the Confirmation Order was not consistent with the proposed distributions set forth in the Motion to Approve Final Distribution and Discharge.  On May 12, 2011, the Court entered the Order Denying Motion to Approve Final Distribution and Discharge.

Houseman has a general unsecured claim of $292,927.15.  Pursuant to its Motion, Houseman contends that under the Confirmation Order it is entitled to receive 20% of its claim, or the total principal sum of $58,585.43.  On March 16, 2011, the Debtors sold the property located at 4909 Wynneford Way for $1,237,500.00 and realized a profit of approximately $189,000.00.  Prior to March 16, 2011, the Debtors paid to Houseman the total principal sum of $3,661.58 with respect to its general unsecured claim.  The $3,661.58 was paid in two installments of $1,830.79 on October 15, 2010 and January 31, 2011.  Additionally, on May 16, 2011, subsequent to the Court entering the Order Denying Motion to Approve Final Distribution and Discharge, the Debtors paid Houseman the sum of $43,389.84.  Houseman contends that the Debtors continue to owe Houseman the principal sum of $11,534.01, as provided for by the Confirmation Order.

Pursuant to the Objection, the Debtors contend the Court ordered a payment of 5% of the total claims in quarterly payments for the first twenty-four (24) months following the Effective Date, but upon sale of the property, a payment of 15% of the remainder of the total claim.

Based on a review of the language of the Confirmation Order, the arguments of counsel, and a review of the audio record of the confirmation hearing, the Court finds that the Class 8 unsecured

class should receive 5% of the total claims in quarterly payments for the first twenty-four (24) months following the Effective Date.  Then, the unsecured class should receive 15% of the total allowed claims for the next thirty-six (36) months.  Furthermore, the Confirmation Order provides that if the Debtors sell the property located at 4909 Wynneford Way, Raleigh, NC, and realize a profit, the profit will be used to accelerate the repayment to creditors in this class.  Therefore, the total amount due on the Houseman unsecured claim is $58,585.43 representing 20% of the total allowed claim of $292,927.15.  Accordingly, there remains a balance to be paid by the Debtors in the amount of $11,534.01. The plain meaning of the language of paragraph 1.C. of the Confirmation Order provides that 5% of the total allowed claim would be paid during the first twenty-four months (24) and then 15% of the total allowed claim would be paid during the next thirty-six (36) months, for a total distribution of 20%.

The Debtors received proceeds in the amount of $189,000.00 from the sale of the property located at 4909 Wynneford Way, Raleigh, NC.   Of that amount, a large portion was committed to the unsecured class.  The Debtors had a good faith misunderstanding of their obligations under paragraph 1.C. of the Confirmation Order resulting in a remaining balance being owed to Houseman in the amount of $11,534.01.  Pursuant to the terms of paragraph 1.C. of the Confirmation Order, the remaining balance of $11,534.01 shall be paid to Houseman prior to the expiration of sixty (60) months from the Effective Date of the Plan, January 12, 2010.  Therefore, the Motion is **GRANTED**.

**SO ORDERED.**

## END OF DOCUMENT